**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| DAVID JENKINS,<br><br>      Plaintiff<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, and NELNET, INC.,<br><br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Case No. 4:26-cv-00364-RWS |

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant

to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint

and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

**COMPLAINT ¶1:**

This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees
pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

**ANSWER:**

Equifax admits that Plaintiff purports to make such allegations.  Equifax denies that it

violated the FCRA or any other law, denies it is liable to Plaintiff, and denies any remaining

allegations in this paragraph.

**COMPLAINT ¶2:**

Plaintiff makes these allegations on information and belief, with the exception of those
allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal
knowledge.

-2-

**ANSWER:**

Equifax admits that Plaintiff purports to make such allegations.  Equifax denies that it violated the FCRA or any other law, denies it is liable to Plaintiff, and denies any remaining allegations in this paragraph.

**COMPLAINT ¶3:**

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶4:**

All violations by the Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶5:**

Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendants named in this Complaint.

**ANSWER:**

Equifax admits that it conducts business through its employees and others.  Equifax denies the remaining allegations in this paragraph.

**JURISDICTION AND VENUE**

**COMPLAINT ¶6:**

Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

-2-

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶7:**

Venue in this District is appropriate under 28 U.S.C. §1391(b).

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

**COMPLAINT ¶8:**

Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶9:**

Defendant Experian Information Solutions, Inc (hereinafter "Experian"), is a For-Profit Corporation with a major processing center in the Eastern District of Texas. Experian is registered to do business in Texas and has a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶10:**

Defendant Equifax Information Services, LLC (hereinafter "Equifax"), is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, Equifax is reporting consumer credit files on over one million consumers in the Eastern District of Texas.

**ANSWER:**

Equifax admits that it is a Georgia limited liability company and that it is registered to do business in the State of Texas.  Equifax further admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶11:**

Defendant TransUnion, LLC (hereinafter "TransUnion"), is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, TransUnion is reporting consumer credit files on over one million consumers in the Eastern District of Texas.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶12:**

Defendant (Nelnet, INC.) (hereinafter "Nelnet"), is a Foreign for-profit company registered to do business in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C. §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to Credit Reporting Agencies about consumer transactions. Defendant is actively conducting business in the Eastern District of Texas.

-4-

-5-

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶13:**

Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶14:**

Plaintiff's name is David Jenkins

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶15:**

Plaintiff is the victim of inaccurate credit reporting.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶16:**

Plaint is the victim of identity theft.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

-5-

-6-

**COMPLAINT ¶17:**

On information and belief, the identity theft began after Plaintiff's ex-wife used his personal identifying information (PII) to apply for the student loans without Plaintiff's knowledge, consent, or authorization.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

Plaintiff and his ex-wife have been divorced since approximately January of 2000.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶19:**

Plaintiff's ex-wife, unbeknownst to Plaintiff, took out student loans using Plaintiff's personal identification information and in Plaintiff's name a substantial amount of time after the divorce was finalized.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

Plaintiff's ex-wife inputted her mother's former address in Florida, as well as her former phone number, when applying for the loans. Nelnet then sent all correspondence regarding the fraudulent loans to Plaintiff's ex-mother-in-law's former residence, preventing Plaintiff from receiving notice of the fraud.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

Plaintiff has not lived in Florida since before his divorce in January of 2000.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶22:**

As a result of the identity theft, the following accounts were opened without Plaintiff's knowledge, authorization, or consent, and subsequently began appearing on Plaintiff's Experian, Equifax, and Trans Union credit reports:

    a.      DEPT OF ED/NELNET      Account #90000046109****

    b.      DEPT OF ED/NELNET      Account #90000049541****

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶23:**

Each of the fraudulent accounts are being reported with high balances, severely damaging Plaintiff's credit score, creditworthiness, and credit reputation.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶24:**

In addition to the fraudulent accounts, an address in Daytona, FL, appeared on Plaintiff's credit reports as well as a phone number that does not belong to Plaintiff:

    a.      Address: 714 Lola Ave, Deltona, FL 32738

325776299v.1

b.      Phone number: 423-737-5654

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶25:**

On information and belief, the Dayton address and phone number are related to Plaintiff's now-deceased ex-mother-in-law.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

Plaintiff received a letter from Credit Acceptance dated August 2, 2025, denying him a car loan based on information found in his Experian credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶27:**

Plaintiff received a letter from Global Lending Services dated September 15, 2025, denying him a car loan based on information found in his Experian credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶28:**

Plaintiff received a letter from Y-12 Credit Union dated November 18, 2025, denying him a car loan based on information found in his Trans Union credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶29:**

Plaintiff received a letter from Capital One dated November 18, 2025, denying him a car loan based on information found in his Equifax, Experian and Trans Union credit reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶30:**

Plaintiff received a letter from Synchrony Bank dated February 6, 2026, denying him a car loan based on information found in his Trans Union credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶31:**

On information and belief, the car loan denials are directly related to the two fraudulent student loan accounts appearing on Plaintiff's credit reports.

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶32:**

On September 1, 2025, Plaintiff's Capital One credit limit was lowered.

325776299v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

Upon information and belief, Capital One's decision to lower Plaintiff's credit limit was based on an inflated debt-to-income ratio caused by fraudulent student loans that do not belong to Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶34:**

Plaintiff received a letter from Nelnet dated October 8, 2025, stating that he needs to make payment on the loans to avoid them being sent to collections and the potential of wage garnishment.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶35:**

Plaintiff received another letter dated November 27, 2025, stating his loan is approaching default.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶36:**

These repeated notices instilled fear and anxiety in Plaintiff that his wages would be garnished for a debt that is not his.

325776299v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶37:**

After learning of the identity theft, Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to Experian, Equifax, and Trans Union (hereinafter "the Credit Reporting Agencies" or "the CRAs") via USPS Certified Mail. Plaintiff's dispute packages each contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's utility bill showing his current address, and a copy of Plaintiff's driver's license for identity verification.

**ANSWER:**

Equifax admits that on or around September 30, 2025, it received a letter purportedly from Plaintiff concerning information in his credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶38:**

Plaintiff's Experian dispute package was delivered and signed for by an Experian agent or employee on September 29, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶39:**

Plaintiff's Trans Union dispute package was delivered and signed for by a Trans Union agent or employee on September 29, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶40:**

Plaintiff's Equifax dispute package was delivered and signed for by an Equifax agent or employee on September 30, 2025.

**ANSWER:**

Equifax admits that on or around September 30, 2025, it received a letter purportedly from Plaintiff concerning information in his credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶41:**

Following his dispute, Plaintiff received dispute results from Trans Union dated October 8, 2025, stating both of the fraudulent accounts had been verified as accurate by Trans Union. Based on information and belief, Trans Union did no independent investigation into Plaintiff's dispute and simply parroted the data in the ACDV response from Nelnet.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶42:**

On December 31, 2025, more than thirty (30) days following its receipt of Plaintiff's dispute package, Plaintiff viewed his Experian credit report and found that both of the fraudulent student loan accounts disputed by Plaintiff were still appearing on his credit report. Based on information and belief, Experian did no independent investigation into Plaintiff's dispute and simply parroted the data in the ACDV response from Nelnet

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶43:**

On January 6, 2026, more than thirty (30) days following its receipt of Plaintiff's dispute package, Plaintiff viewed his Equifax credit report and found that both of the fraudulent student loan accounts disputed by Plaintiff were still appearing on his credit reports. Based on information and belief, Equifax did no independent investigation into Plaintiff's dispute and simply parroted the data in the ACDV response from Nelnet

**ANSWER:**

Equifax denies the allegations in this paragraph.

325776299v.1

**COMPLAINT ¶44:**

The following accounts continued reporting for more than thirty (30) days following the CRAs' receipt of Plaintiff's dispute packages, in violation of the FCRA:

    a.    <u>TRANS UNION</u>

        i    DEPT OF ED/NELNET    Account #90000046109****

        ii    DEPT OF ED/NELNET    Account #90000049541****

    b.    <u>EQUIFAX</u>

        i    DEPT OF ED    Account #*8829

        ii    DEPT OF ED    Account #*2632

    c.    <u>EXPERIAN</u>

        i    DEPT OF ED/NELNET    Account #90000046109****

        ii    DEPT OF ED/NELNET    Account #90000049541****

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶45:**

After learning the CRAs continued to report the fraudulent and inaccurate accounts after receipt and processing of Plaintiff's first dispute packages, Plaintiff obtained a police report and FTC identity theft report and re-disputed the accounts through dispute packages mailed directly to the CRAs via USPS Certified Mail.

**ANSWER:**

Equifax admits that on or around February 2, 2026, it received a letter purportedly from Plaintiff concerning information in his credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶46:**

Plaintiff's second dispute packages each contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's police report, a copy of Plaintiff's FTC identity theft report, a copy of Plaintiff's utility bill showing his current address, a copy of Plaintiff's social security card and a copy of Plaintiff's driver's license for identity verification.

**ANSWER:**

Equifax admits that on or around February 2, 2026, it received a letter purportedly from Plaintiff concerning information in his credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶47:**

Plaintiff's second Equifax dispute package was delivered and signed for by an Equifax agent or employee on February 1, 2026.

**ANSWER:**

Equifax admits that on or around February 2, 2026, it received a letter purportedly from Plaintiff concerning information in his credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶48:**

On February 9, 2026, Plaintiff received a letter from Equifax stating that fraudulent account ending in *8829 was previously removed but the company who furnished the account requested to have the account reinserted.

**ANSWER:**

Equifax admits that it generated documents in response to the completion of its reinvestigation, the contents of which speak for themselves. Equifax lacks information sufficient to form a belief as to the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

**COMPLAINT ¶49:**

On information and belief, four (4) days following its receipt of Plaintiff's dispute package, the fraudulent student loan account ending in *2632 was still reporting on Plaintiff's Equifax report.

325776299v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶50:**

On March 20, 2026, more than thirty (30) days following its receipt of Plaintiff's dispute package, Plaintiff viewed his Equifax credit report and found that both of the fraudulent accounts were still being reported by Equifax.

    a.    <u>EQUIFAX</u>

        i      DEPT OF ED            Account #*2632

        ii     DEPT OF ED            Account #*8829

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶51:**

On information and belief, Equifax is still reporting the fraudulent and inaccurate student loan accounts on Plaintiff's credit report, to the great detriment of Plaintiff's credit.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶52:**

As a result of Defendants' conduct, Plaintiff suffered extensive damages, described in detail below.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**PLAINTIFF'S DAMAGES**

**COMPLAINT ¶53:**

As a result of Defendants' violations of the FCRA, Plaintiff is entitled to actual, statutory, and punitive damages, along with their attorneys' fees and costs in this matter. Defendants' conduct was such that Defendants acted willfully, intentionally, recklessly, and/or negligently in their actions related to Plaintiff.

-15-

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶54:**

The conduct of the Defendants was a direct and/or proximate cause, as well as a substantial factor in bringing about injuries, damages, and harm suffered by Plaintiff. Plaintiff continues to suffer because of Defendants' conduct. Plaintiff expects their damages to continue to accrue and be ongoing until they are made whole again if that ever occurs.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶55:**

Defendants, due to their conduct, are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, and punitive damages, as well as such other relief permitted by law. Plaintiff suffered the following types of damages due to the conduct of Defendants:

    a.    Emotional damages in the form of mental anguish, humiliation, and embarrassment. Plaintiff has experienced significant emotional distress as a direct result of Defendants' inaccurate credit reporting. The ongoing stress and anxiety caused by Defendants' conduct have severely impacted Plaintiff's daily life and decision-making. This harm has been especially devastating because Plaintiff is currently undergoing treatment for cancer, a period during which stability and reduced stress are critical to his physical and mental well-being. The added burden of Defendants' misconduct has exacerbated Plaintiff's mental health struggles, contributing to heightened anxiety, increased feelings of depression, and a pervasive sense of hopelessness. Plaintiff has been forced to seek professional help to cope with these symptoms. Since the inaccurate reporting began, Plaintiff has lived in a constant state of worry, significantly diminishing his overall quality of life during an already vulnerable and challenging time.

    b.    Physical manifestations of mental anguish, humiliation, and embarrassment. Plaintiff's emotional distress has manifested in significant and persistent physical symptoms. Plaintiff suffers from chronic sleep disruption, daily headaches that rise to the level of migraines, and ongoing difficulty concentrating. Plaintiff's stress and anxiety specifically have led to sweating, shaking, elevated blood pressure, and weight loss. The severity of this emotional strain has also led to episodes of shortness of breath and heart palpitations when Plaintiff worries about his credit and the long-term consequences of the inaccurate reporting.

c.    Damages to Plaintiff's creditworthiness, credit reputation, and borrowing power. Plaintiff's credit has been severely damaged by Defendants' conduct, resulting in repeated loan denials and a lowered credit limit. Plaintiff was unable to obtain a car loan, leaving him with no choice but to walk to work. This has significantly disrupted Plaintiff's daily life, limited his independence, and has imposed strain on his physical and emotional wellbeing. The financial instability caused by Defendants has created an overwhelming burden, especially during a time when Plaintiff is undergoing treatment for cancer. The inability to access reliable transportation has made it difficult for Plaintiff to manage basic responsibilities. This has severely impacted Plaintiff's ability to freely live his life and has created an overwhelming financial burden for Plaintiff.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶56:**

Plaintiff's damages caused by and through the conduct of Defendants are more generally described as follows:

a.    Emotional damages in the form of mental anguish, humiliation, embarrassment, depression, and anxiety.

b.    Physical manifestations of stress and anxiety, including weight loss, heart palpitations and high blood pressure.

c.    Financial damages, including damage to Plaintiff's creditworthiness, credit reputation, and borrowing power.

d.    All other damages as described above.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶57:**

Plaintiff's damages attributable to Defendants are serious, continuing, and ongoing.

325776299v.1

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶58:**

Defendants' actions have led to Plaintiff's great detriment and loss and are caused by the conduct of Defendants described herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

## CAUSES OF ACTION

**COMPLAINT ¶59:**

Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶60:**

This suit is based upon the Defendants' violations of the Fair Credit Reporting Act (FCRA). All causes of action were the producing causes of damages which Plaintiff has suffered.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

## VIOLATIONS OF THE FAIR CREDIT REPORTNG ACT (FCRA)

**COMPLAINT ¶61:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

325776299v.1

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶62:**

The FCRA defines a "Consumer Reporting Agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶63:**

Defendants (Experian, Equifax, and Trans Union) are Consumer Reporting Agencies pursuant to the FCRA and will collectively be referred to as "the CRAs," or "the CRA Defendants."

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA.

**COMPLAINT ¶64:**

The FCRA defines a "Person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

-19-

misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶65:**

The Code of Federal Regulations defines a "Furnisher" as "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 12 CFR § 1022.41(c).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶66:**

Defendant (Nelnet) is a "Person" pursuant to the FCRA, and "Furnisher" pursuant to the Code of Federal Regulations (CFR) and will be referred to as "the Data Furnisher" or "the Data Furnisher Defendant."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶67:**

The following conduct of the CRAs and the Data Furnisher was a direct and/or proximate cause, as well as a substantial factor in, and/or producing cause bringing about the serious injuries, damages, and harm that Plaintiff has suffered and continues to suffer as of the filing of this Complaint. Plaintiff expects their damages caused by the CRAs and the Data Furnisher to continue to accrue and be ongoing until Plaintiff is made whole again.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶68:**

The CRAs and the Data Furnisher, as defined above, acted in a manner that was willful, intentional, reckless, and/or negligent in their actions related to Plaintiff. As a result of these Defendants' violations of the FCRA, which are listed below, Plaintiff is entitled to actual, statutory, and punitive damages along with their attorneys' fees and costs in this matter.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶69:**

Plaintiff's damages attributable to the CRAs and the Data Furnisher are described in detail in paragraphs 55-60 above.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶70:**

Plaintiff's damages attributable to the CRAs and the Data Furnisher are serious, continuing, and ongoing.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶71:**

This suit is brought against the Defendants for violations of the FCRA which are the causes of Plaintiff's damages. In all instances of violating the FCRA, Defendants did so willfully, intentionally, recklessly, and/or negligently. Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees under 15 U.S.C. §1681n and §1681o.

-21-

-22-

**ANSWER:**

Equifax admits that Plaintiff purports to make such allegations.  Equifax denies that it violated the FCRA or any other law, denies it is liable to Plaintiff, and denies any remaining allegations in this paragraph.

**COUNT I:**

**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(Defendants Experian, Equifax, and Trans Union)**

**COMPLAINT ¶72:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶73:**

The FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶74:**

The CRAs maintained fraudulent and inaccurate information about Plaintiff and prepared credit reports regarding Plaintiff containing fraudulent information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶75:**

Despite actual and implied knowledge that Plaintiff was the victim of identity theft, the CRAs readily stored, prepared, reported, and/or sold reports containing fraudulent and inaccurate information about Plaintiff, and in doing so, the CRAs suggested that Plaintiff was responsible for accounts and information that was the product of identity theft.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶76:**

The CRAs' conduct as to Plaintiff was such that a third party who viewed Plaintiff's credit reports could reasonably infer that the fraudulent and inaccurate information being reported by the CRAs was accurate, to Plaintiff's great detriment.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶77:**

The CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to establish and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit files and/or reports they maintained and published about Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶78:**

Had the CRAs established and/or followed reasonable procedures to assure maximum possible accuracy of their credit files and/or reports concerning Plaintiff, the CRAs would have known that the information being reported about Plaintiff was fraudulent and inaccurate.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325776299v.1

**COMPLAINT ¶79:**

Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to the CRAs via USPS certified mail. In these dispute packages, Plaintiff expressly informed the CRAs that Plaintiff was the victim of identity theft and that the disputed account information did not belong to Plaintiff. Plaintiff instructed the CRAs not to rely on the Data Furnisher for accurate information about their credit and to conduct an independent investigation into Plaintiff's dispute.

**ANSWER:**

Equifax admits that on September 30, 2025 and February 2, 2026, it received letters purportedly from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶80:**

Had the CRAs established and/or followed reasonable procedures to assure maximum possible accuracy of their credit files and/or reports concerning Plaintiff, the CRAs would have deleted and/or blocked the reporting of the fraudulent and inaccurate information after being put on notice of the identity theft from Plaintiff's dispute package.

**ANSWER:**

Equifax denies that it violated the FCRA, or any other law.

## COUNT II:

**15 U.S.C. § 1681i(a)(1)(A)**
**Failure to Conduct a Reasonable Investigation into Plaintiff's Dispute**
**(Defendants Experian, Equifax, and Trans Union)**

**COMPLAINT ¶81:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶82:**

The FCRA provides:

-24-

[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file.... before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶83:**

Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to the CRAs via USPS certified mail. Plaintiff's first dispute packages each contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's utility bill and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:**

Equifax admits that on September 30, 2025, it received a letter purportedly from Plaintiff concerning information in his credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶84:**

Plaintiff's second dispute package to Equifax contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's police report, a copy of Plaintiff's FTC report a copy of Plaintiff's social security card, and a copy of Plaintiff's utility bill.

325776299v.1

**ANSWER:**

Equifax admits that on February 2, 2026, it received a letter purportedly from Plaintiff concerning information in his credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶85:**

Plaintiff's dispute packages contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the fraudulent and inaccurate accounts had been placed on Plaintiff's credit reports as a result of identity theft.

**ANSWER:**

Equifax denies the allegations in this paragraph. Equifax further denies that it violated the FCRA, or any other law.

**COMPLAINT ¶86:**

After Plaintiff verified that their dispute packages had been delivered to the CRAs by USPS, Plaintiff waited more than thirty (30) days before viewing their credit reports following their dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶87:**

After pulling new credit reports, Plaintiff found that the disputed accounts remained on their credit report following the CRAs' processing of Plaintiff's dispute, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**ANSWER:**

Equifax denies the allegations in this paragraph, as they apply to Equifax.

**COMPLAINT ¶88:**

Plaintiff provided the CRAs with ample information proving that the disputed accounts were the product of identity theft. Had the CRAs conducted reasonable investigations in accordance with the requirements imposed by the FCRA, they would have deleted the items from Plaintiff's credit files before the end of the thirty (30) day period.

-26-

**ANSWER:**

Equifax denies that it violated the FCRA or any other law.

## COUNT III:

### 15 U.S.C. § 1681i(a)(4)
### Failure to Read and Consider Documents Attached to Plaintiff's Dispute
### (Defendants Experian, Equifax, and Trans Union)

**COMPLAINT ¶89:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶90:**

The FCRA provides that "[i]n conducting any reinvestigation under [15 U.S.C. § 1681i(a)(1)], with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the [30-day] period described in [15 U.S.C. § 1681i(a)(1)(A)] with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph

**COMPLAINT ¶91:**

Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to the CRAs via USPS certified mail. Plaintiff's first dispute packages contained a detailed and thorough dispute letter signed by Plaintiff, a utility bill and a copy of Plaintiff's driver's license for identity verification. Plaintiff's second dispute package to Equifax contained a detailed and thorough dispute letter signed by Plaintiff, a utility bill, a copy of Plaintiff's social security card, a copy of Plaintiff's police report, a copy of Plaintiff's FTC report, and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:**

Equifax admits that on September 30, 2025 and February 2, 2026, it received letters purportedly from Plaintiff concerning information in his credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶92:**

Plaintiff's dispute packages contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the fraudulent and inaccurate accounts had been placed on Plaintiff's credit reports as a result of identity theft.

**ANSWER:**

Equifax admits that on September 30, 2025 and February 2, 2026, it received letters purportedly from Plaintiff concerning information in his credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶93:**

Plaintiff, through their dispute packages, provided the CRAs with documents sufficient to prove that Plaintiff was the victim of identity theft, however, the CRAs failed to review and consider all relevant documents submitted by Plaintiff, in violation of 15 U.S.C. § 1681i(a)(4).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶94:**

Had the CRAs acted in accordance with the investigation requirements imposed by the FCRA and reviewed and considered each document contained in Plaintiff's dispute package, it would have been easy for the CRAs to determine that Plaintiff was the victim of identity theft and delete and/or suppress the disputed information accordingly.

**ANSWER:**

Equifax denies the allegations in this paragraph.

-28-

325776299v.1

## COUNT IV:

### 15 U.S.C. § 1681i(a)(5)(A)
### Failure to Delete and/or Modify the Disputed Information
### (Defendants Experian, Equifax, and Trans Union)

**COMPLAINT ¶95:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶96:**

The FCRA provides that:

> (5) Treatment of Inaccurate or Unverifiable Information
>
> (A)  *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-
>
> (i)  promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
>
> (ii)  promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

15 U.S.C. §1681i(a)(5)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph

-29-

**COMPLAINT ¶97:**

Plaintiff disputed the fraudulent and inaccurate accounts through a dispute package mailed directly to the CRAs via USPS certified mail. Plaintiff's first dispute packages contained a detailed and thorough dispute letter signed by Plaintiff, a utility bill, and a copy of Plaintiff's driver's license for identification verification. Plaintiff's second dispute package to Equifax contained a detailed and through dispute letter signed by Plaintiff, a utility bill, a copy of Plaintiff's social security card, a copy of Plaintiff's police report, a copy of Plaintiff's FTC report, and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:**

Equifax admits that on September 30, 2025 and February 2, 2026, it received letters purportedly from Plaintiff concerning information in his credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶98:**

Plaintiff's dispute packages contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the fraudulent and inaccurate accounts had been placed on Plaintiff's credit report as a result of identity theft, yet the CRAs failed to delete fraudulent and inaccurate information disputed by Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶99:**

After pulling new credit reports following their dispute, Plaintiff found that the CRAs continued reporting the fraudulent and inaccurate accounts disputed by Plaintiff, in violation of the FCRA.

**ANSWER:**

Equifax denies the allegations in this paragraph and further denies that it violated the FCRA or any other law.

**COMPLAINT ¶100:**

The CRAs violated their duty under 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed information from Plaintiff's credit file and/or credit report.

325776299v.1

**ANSWER:**

Equifax denies the allegations in this paragraph and further denies that it violated the FCRA or any other law.

**COMPLAINT ¶101:**

Had the CRAs conducted reasonable investigations into Plaintiff's disputes as required by statute, they would have easily found that Plaintiff was the victim of identity theft and promptly deleted the disputed items from Plaintiff's credit files and/or credit reports in accordance with the FCRA. Instead, the CRAs continued their inaccurate credit reporting about Plaintiff, to Plaintiff's great detriment.

**ANSWER:**

Equifax denies the allegations in this paragraph and further denies that it violated the FCRA or any other law.

**COUNT V:**

**15 U.S.C. § 1681c-2(a)**
**Failure to Block the Reporting of Identity Theft Information within Four (4) Business Days**
**(Defendant Equifax)**

**COMPLAINT ¶102:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶103:**

The FCRA provides the following:

[A] consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identities as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of—

(1)    appropriate proof of identity of the consumer;

-31-

(2)     a copy of an identity theft report;

(3)     the identification of such information by the consumer; and

(4)     a statement by the consumer that the information is not information relating to any transaction by the consumer.

15 U.S.C. § 1681c-2(a).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph

**COMPLAINT ¶104:**

After Plaintiff discovered the fraudulent and inaccurate accounts appearing on their credit reports, Plaintiff disputed the accounts through dispute packages mailed directly to the CRAs via USPS certified mail.

**ANSWER:**

Equifax admits that on September 30, 2025 and February 2, 2026, it received letters purportedly from Plaintiff concerning information in his credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶105:**

Plaintiff's second dispute package to Equifax contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's police report, a copy of Plaintiff's FTC report, a copy of Plaintiff's social security card, a copy of Plaintiff's utility bill showing his current address, and a copy of Plaintiff's driver's license for identity verification.

**ANSWER:**

Equifax admits that on February 2, 2026, it received a letter purportedly from Plaintiff concerning information in his credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

325776299v.1

**COMPLAINT ¶106:**

Plaintiff's dispute packages each contained more than enough information for the Equifax to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the fraudulent and inaccurate accounts had been placed on Plaintiff's credit reports as a result of identity theft.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶107:**

Following the Equifax's receipt of Plaintiff's dispute packages, Plaintiff did not receive any dispute results.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶108:**

On information and belief, the Equifax continued reporting the fraudulent and inaccurate accounts on Plaintiff's credit reports in violation of the FCRA.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶109:**

Equifax violated 15 U.S.C. § 1681c-2(a) when, based on information and belief, they failed to block the reporting of information in Plaintiff's consumer file that Plaintiff identified as having resulted from an alleged identity theft within four (4) business days of receipt of proof of identity, a copy of Plaintiff's identity theft report, identification of identity theft-related information, and Plaintiff's statement that the fraudulent and inaccurate accounts were the product of identity theft.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶110:**

Had Equifax acted in accordance with their duties under the FCRA, the Equifax would have blocked the reporting of the fraudulent and inaccurate accounts identified by Plaintiff as resulting from identity theft within four (4) business days of receipt of Plaintiff's dispute packages.

325776299v.1

-34-

**ANSWER:**

Equifax denies the allegations in this paragraph.

### COUNT VI:

**15 U.S.C. § 1681i(a)(5)(B)**
**Reinsertion of Deleted Information**
**(Defendant Equifax)**

**COMPLAINT ¶111:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶112:**

The FCRA provides that "[i]f any information is deleted from a consumer's file pursuant to [15 U.S.C. §1681i(a)(5)(A)], the information may not be reinserted in the file by the consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate." 15 U.S.C. § 1681i(a)(5)(B)(i).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶113:**

After pulling new credit reports following Equifax's processing of their disputes, Plaintiff found that Defendant Equifax initially deleted and/or suppressed its reporting of the fraudulent and inaccurate accounts disputed by Plaintiff.

325776299v.1

-35-

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶114:**

However, after receiving a letter from Defendant Equifax, Plaintiff learned the disputed account had once again begun reporting by Equifax on Plaintiff's Equifax credit report.

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶115:**

Equifax violated 15 U.S.C. §1681i(a)(5)(B)(i) when it reinserted the previously deleted Nelnet account on Plaintiff's credit file and/or credit report.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶116:**

Had Equifax acted in accordance with the requirements of the FCRA, it would have known from its own investigation based on the information provided by Plaintiff that the account was the product of identity theft, and it would not have reinserted and resumed its reporting of the fraudulent and inaccurate accounts on Plaintiff's credit file and/or credit report.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325776299v.1

## COUNT VII:

### 15 U.S.C. § 1681i(a)(5)(C)
### Failure to Follow Reasonable Procedures to Prevent Reappearance of Deleted Information
### (Defendant Equifax)

**COMPLAINT ¶117:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶118:**

The FCRA provides that "[a] consumer reporting agency shall maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted...." 15 U.S.C. § 1681i(a)(5)(C).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶119:**

Following the Equifax's processing of their dispute, Plaintiff received notice that Defendant Equifax initially deleted and/or suppressed the reporting of the fraudulent and inaccurate accounts disputed by Plaintiff but later reinserted it.

**ANSWER:**

Equifax admits that it generated documents in response to the completion of its reinvestigation, the contents of which speak for themselves.

325776299v.1

**COMPLAINT ¶120:**

The CRA violated 15 U.S.C. § 1681i(a)(5)(C) by failing to maintain reasonable procedures designed to prevent the reappearance of the fraudulent and inaccurate accounts that were initially deleted and/or suppressed from Plaintiff's credit file and/or credit report by the CRA following Plaintiff's dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶121:**

Had Equifax acted in accordance with its duties under the FCRA, the CRA would not have reinserted the fraudulent and inaccurate accounts on Plaintiff's credit file and/or credit report.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COUNT VIII:**

**15 U.S.C. § 1681s-2(b)**
**Failure to Conduct a Reasonable Investigation of the Information Disputed by Plaintiff**
**(Defendant Nelnet)**

**COMPLAINT ¶122:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶123:**

The FCRA provides the following:

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A)    Conduct an investigation with respect to the disputed information;

-37-

(B)    Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C)    Report the results of the investigation to the consumer reporting agency;

(D)    If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

    (i)    Modify that item of information;
    (ii)    Deleted that item of information; or
    (iii)    Permanently block the reporting of that information.

15 U.S.C. § 1681s-2(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶124:**

The Data Furnisher furnished information about fraudulent and inaccurate accounts that were the product of identity theft to the Credit Reporting Agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶125:**

The Data Furnishers caused fraudulent and inaccurate accounts to be added to Plaintiff's credit files with the Credit Reporting Agencies.

-38-

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶126:**

On information and belief, notices of Plaintiff's disputes and attachments were transmitted to the Data Furnishers by the CRAs during the dispute processes. Therefore, the Data Furnisher was aware that the disputed accounts did not belong to Plaintiff and still verified the disputed accounts as accurate and instructed the CRAs to continue reporting the inaccurate information, to the great detriment of Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶127:**

The Data Furnishers failed to conduct reasonable, good faith investigations into Plaintiff's notices of dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶128:**

Had the Data Furnishers acted in accordance with their duties under 15 U.S.C. § 1681s-2(b), the Data Furnishers would have recognized that the disputed accounts were the product of identity theft and instructed the CRAs to cease their reporting of the fraudulent and inaccurate accounts. Instead, the Data Furnishers verified the disputed accounts as accurate and instructed the CRAs to continue their reporting of the fraudulent and inaccurate accounts.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325776299v.1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a trial by jury and a judgment in Plaintiff's favor against Defendants based on the following requested relief:

a.    Actual and compensatory damages pursuant to 15 U.S.C. § 1681;

b.    Statutory damages pursuant to 15 U.S.C. § 1681;

c.    Punitive damages pursuant to 15 U.S.C. § 1681;

d.    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o,

e.    Such other and further relief as may be necessary, just and proper.

## ANSWER:

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it.  Equifax is neither incorporated nor headquartered in Texas, and the conduct giving rise to Plaintiff's claim occurred outside of Texas and was not targeted at Texas.

## SECOND DEFENSE

Plaintiff's has failed to state a claim against Equifax upon which relief may be granted.

-40-

## THIRD DEFENSE

Equifax has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

## FOURTH DEFENSE

Plaintiff's damages are the result of acts or omissions committed by other parties or non-parties over which Equifax has no responsibility or control.

## FIFTH DEFENSE

Equifax reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

-41-

-42-

DATED:                                              Respectfully submitted,

                                                    SEYFARTH SHAW LLP


                                                    By:  */s/ Jennifer R. Brooks*
                                                         Jennifer R. Brooks, Bar No. 24103791
                                                         jrbrooks@seyfarth.com
                                                         SEYFARTH SHAW LLP
                                                         2323 Ross Avenue, Suite 1660
                                                         Dallas, Texas  75201
                                                         Telephone:  (469) 608-6730

                                                    *Counsel for Defendant*
                                                    *Equifax Information Services LLC*

-42-

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


    */s/ Jennifer R. Brooks*
Jennifer R. Brooks
*Counsel for Defendant*
*Equifax Information Services LLC*

325776299v.1