**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DAVID JENKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:26-CV-00364-RWS |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC. *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This case is set for a scheduling conference in **Texarkana, Texas** on **July 31, 2026 at 10:00 a.m.** before the undersigned. The purpose of the scheduling conference will be to confirm the trial setting and to resolve any case management disputes or concerns.[1]

The parties shall prepare and submit a joint motion attaching a joint proposed docket control order and a joint proposed discovery order within the time periods contained in the schedule set forth below.[2] These orders shall be guided by the sample orders for non-patent cases that can be found on the Court's website.

The sample orders include provisions that require input from the parties. The sample orders also include provisions that are mandatory and are not subject to change without showing good cause. Good cause is not shown by a mere indication of the parties' agreement. Should either party

---

[1] Prior to the scheduling conference, counsel and unrepresented parties should review the most recent versions of the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas and the undersigned's standing orders. The local rules and standing orders are available on the Court's website (www.txed.uscourts.gov).

[2] Timely submission of the parties' proposed docket control order and proposed discovery order will be viewed by the Court as complying with the conference requirement of Federal Rule of Civil Procedure 26(f).

believe good cause can be shown to alter an otherwise mandatory provision, then such party shall file a separate motion to alter the provision after the parties have filed the proposed docket control and discovery orders with the mandatory provisions intact as previously required above.

Furthermore, it is hereby **ORDERED** that the following schedule of deadlines shall be incorporated into the proposed docket control order:

| | |
|---|---|
| Jury Trial | *May 10, 2027 immediately following jury selection in Sherman, Texas |
| Jury Selection | *May 10, 2027 at 9:00 a.m. in Sherman, Texas |
| Pre-trial Conference | *May 4, 2027 at 10:00 a.m. in Texarkana, Texas |
| Dispositive Motion Deadline | *March 16, 2027 |
| 7 Days Before Scheduling Conference | File Proposed Docket Control Order and Proposed Discovery Order<br><br>The proposed orders shall each be separately filed as a joint motion with the caption indicating whether or not the proposed order is opposed in any part. Any disputes should be redlined and each party's position explained. |
| 7 Days Before Scheduling Conference | Designation of Lead Attorney<br><br>Pursuant to Local Rule CV-11(a)(1), each party must designate a lead attorney. If a lead attorney has not previously been designated, a Notice of Designation of Attorney in Charge should be filed. |

 (*) indicates a deadline that cannot be changed without showing good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

*The parties shall indicate in their joint motion submitting the proposed Docket Control Order whether they believe a scheduling conference is necessary.* After review of the proposed Docket Control Order and Discovery Order, the Court may enter the orders and cancel the scheduling conference. The Court will notify the parties of any cancellation.

So ORDERED and SIGNED this 17th day of June, 2026.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE