**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

---

DAVID JENKINS

               Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, and NELNET, INC.

               Defendants.

CASE NO. 4:26-CV-00364

**JURY TRIAL DEMANDED**

---

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, hereby answers the complaint ("Complaint") of Plaintiff David Jenkins ("Plaintiff") as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that its current investigation is ongoing. Accordingly, Experian reserves the right to amend this Answer. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations that relate to the actions of third parties and therefore denies the same. In response to the numbered paragraphs in the Complaint, Experian states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

1

**ANSWER:**    In response to Paragraph 1 of the Complaint, Experian admits that the Complaint purports to state claims for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Experian denies that it has violated the Fair Credit Reporting Act and that Plaintiff is entitled to actual, statutory, and punitive damages, costs, and attorneys' fees.

2.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

**ANSWER**:    In response to Paragraph 2 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**ANSWER:**    In response to Paragraph 3 of the Complaint, Experian states that "violations of the statutes cited in their entirety" is so vague as to the alleged violations and Experian denies that it has violated the statutes cited in their entirety.

4.      All violations by the Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

**ANSWER:**    In response to Paragraph 4 of the Complaint, Experian denies that it has knowingly, willfully, or intentionally violated any of the statutes cited, and denies that it failed to maintain reasonable procedures. As it relates to the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

2

5.      Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendants named in this Complaint.

**ANSWER:**  In response to Paragraph 5 of the Complaint, this paragraph requires no denial or admission.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

**ANSWER**:    In response to Paragraph 6 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

7.      Venue in this District is appropriate under 28 U.S.C. §1391(b).

**ANSWER:**    In response to Paragraph 7 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

8.      Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

**ANSWER:**    In response to Paragraph 8 of the Complaint, Experian admits that Plaintiff is a "consumer" as defined in 15 U.S.C. §1681a(c).  As for the remaining allegations in Paragraph 8, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

9.      Defendant Experian Information Solutions, Inc (hereinafter "Experian"), is a For-Profit Corporation with a major processing center in the Eastern District of Texas. Experian is registered to do business in Texas and has a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 168la(t), and is engaged in the business of

3

assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties.

**ANSWER:** In response to Paragraph 9 of the Complaint, Experian admits that it has a facility in the Eastern District of Texas, and that it is registered to do business in Texas. Experian also admits that it is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 9 of the Complaint.

10. Defendant Equifax Information Services, LLC (hereinafter "Equifax"), is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(t), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 168 la(d), to third parties. Based on information and belief, Equifax is reporting consumer credit files on over one million consumers in the Eastern District of Texas.

**ANSWER:** In response to Paragraph 10 of the Complaint, as it relates to one of the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. Defendant TransUnion, LLC (hereinafter "TransUnion")1 is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for

4

the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, TransUnion is reporting consumer credit files on over one million consumers in the Eastern District of Texas.

**ANSWER:**  In response to Paragraph 11 of the Complaint, as it relates to one of the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.    Defendant (Nelnet, INC.) (hereinafter "Nelnet"), is a Foreign for-profit company registered to do business in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C. §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to Credit Reporting Agencies about consumer transactions. Defendant is actively conducting business in the Eastern District of Texas.

**ANSWER:**  In response to Paragraph 12 of the Complaint, as it relates to one of the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**FACTUAL ALLEGATIONS**

13.    Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER**:  In response to Paragraph 13 of the Complaint, Experian hereby incorporates by reference all of the foregoing answers as though they were set forth herein.

14.    Plaintiff's name is David Jenkins.

**ANSWER:** In response to Paragraph 14 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. Plaintiff is the victim of inaccurate credit reporting.

**ANSWER:** In response to Paragraph 15 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. Plaint [sic] is the victim of identity theft.

**ANSWER:** In response to Paragraph 16 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. On information and belief, the identity theft began after Plaintiff's ex-wife used his personal identifying information (PII) to apply for the student loans without Plaintiff's knowledge, consent, or authorization.

**ANSWER:** In response to Paragraph 17 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. Plaintiff and his ex-wife have been divorced since approximately January of 2000.

**ANSWER:** In response to Paragraph 18 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.    Plaintiff's ex-wife, unbeknownst to Plaintiff, took out student loans using Plaintiff's personal identification information and in Plaintiff's name a substantial amount of time after the divorce was finalized.

**ANSWER:**    In response to Paragraph 19 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.    Plaintiff's ex-wife inputted her mother's former address in Florida, as well as her former phone number, when applying for the loans. Nelnet then sent all correspondence regarding the fraudulent loans to Plaintiff's ex-mother-in-law's former residence, preventing Plaintiff from receiving notice of the fraud.

**ANSWER:**    In response to Paragraph 20 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.    Plaintiff has not lived in Florida since before his divorce in January of 2000.

**ANSWER:**    In response to Paragraph 21 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.    As a result of the identity theft, the following accounts were opened without Plaintiff's knowledge, authorization, or consent, and subsequently began appearing on Plaintiff's Experian, Equifax, and Trans Union credit reports:

    a.  DEPT OF ED/NELNET       Account #90000046109****

    b.  DEPT OF ED/NELNET       Account #90000049541****

**ANSWER:**  In response to Paragraph 22 of the Complaint, Experian states that this allegation is vague in that it fails to state a relevant time period of when these accounts were active. Further, as the allegations in paragraph 22 of the Complaint relate to the other Defendants, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.     Each of the fraudulent accounts are being reported with high balances, severely damaging Plaintiff's credit score, creditworthiness, and credit reputation.

**ANSWER:**  In response to Paragraph 23 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.     In addition to the fraudulent accounts, an address in Daytona, FL, appeared on Plaintiff's credit reports as well as a phone number that does not belong to Plaintiff:

      a.  Address: 714 Lola Ave, Deltona, FL 32738

      b.  Phone number: 423-737-5654

**ANSWER:**  In response to Paragraph 24 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25.     On information and belief, the Dayton address and phone number are related to Plaintiff's now-deceased ex-mother-in-law.

**ANSWER:**  In response to Paragraph 25 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26.     Plaintiff received a letter from Credit Acceptance dated August 2, 2025, denying him a car loan based on information found in his Experian credit report.

**ANSWER:**   In response to Paragraph 26 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27.     Plaintiff received a letter from Global Lending Services dated September 15, 2025, denying him a car loan based on information found in his Experian credit report.

**ANSWER:**   In response to Paragraph 27 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28.     Plaintiff received a letter from Y-12 Credit Union dated November 18, 2025, denying him a car loan based on information found in his Trans Union credit report.

**ANSWER:**   In response to Paragraph 28 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29.     Plaintiff received a letter from Capital One dated November 18, 2025, denying him a car loan based on information found in his Equifax, Experian and Trans Union credit reports.

**ANSWER:**   In response to Paragraph 29 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30.     Plaintiff received a letter from Synchrony Bank dated February 6, 2026, denying him a car loan based on information found in his Trans Union credit report.

9

**ANSWER:**    In response to Paragraph 30 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31.    On information and belief, the car loan denials are directly related to the two fraudulent student loan accounts appearing on Plaintiff's credit reports.

**ANSWER:**    In response to Paragraph 31 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32.    On September 1, 2025, Plaintiff's Capital One credit limit was lowered.

**ANSWER:**    In response to Paragraph 32 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33.    Upon information and belief, Capital One's decision to lower Plaintiff's credit limit was based on an inflated debt-to-income ratio caused by fraudulent student loans that do not belong to Plaintiff.

**ANSWER:**    In response to Paragraph 33 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34.    Plaintiff received a letter from Nelnet dated October 8, 2025, stating that he needs to make payment on the loans to avoid them being sent to collections and the potential of wage garnishment.

**ANSWER:**  In response to Paragraph 34 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or

information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35.     Plaintiff received another letter dated November 27, 2025, stating his loan is approaching default.

**ANSWER:**  In response to Paragraph 35 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36.     These repeated notices instilled fear and anxiety in Plaintiff that his wages would be garnished for a debt that is not his.

**ANSWER:**  In response to Paragraph 36 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37.     After learning of the identity theft, Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to Experian, Equifax, and Trans Union (hereinafter "the Credit Reporting Agencies" or "the CRAs") via USPS Certified Mail. Plaintiff's dispute packages each contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's utility bill showing his current address, and a copy of Plaintiffs driver's license for identity verification.

**ANSWER:**  In response to Paragraph 37 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 37 that relate to other Defendants, Experian is without knowledge or

11

information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

38.     Plaintiff's Experian dispute package was delivered and signed for by an Experian agent or employee on September 29, 2025.

**ANSWER:** In response to Paragraph 38 of the Complaint, Experian states that on September 30, 2025, it received a September 22, 2025 letter with Plaintiff's name which Experian determined was sent by a third-party. As such, Experian provided Plaintiff with a response on October 1, 2025, stating that a third-party had sent a dispute that was not from or authorized by Plaintiff. Experian affirmatively states that the dispute letter and response letter speak for themselves and, on that basis, denies any allegations in this paragraph inconsistent therewith.

39.     Plaintiff's Trans Union dispute package was delivered and signed for by a Trans Union agent or employee on September 29, 2025.

**ANSWER:**  In response to Paragraph 39 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

40.     Plaintiff's Equifax dispute package was delivered and signed for by an Equifax agent or employee on September 30, 2025.

**ANSWER:**  In response to Paragraph 40 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41.     Following his dispute, Plaintiff received dispute results from Trans Union dated October 8, 2025, stating both of the fraudulent accounts had been verified as accurate by Trans Union. Based on information and belief, Trans Union did no independent investigation into Plaintiff's dispute and simply parroted the data in the ACDV response from Nelnet.

**ANSWER:**  In response to Paragraph 41 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42.     On December 31, 2025, more than thirty (30) days following its receipt of Plaintiff's dispute package, Plaintiff viewed his Experian credit report and found that both of the fraudulent student loan accounts disputed by Plaintiff were still appearing on his credit report. Based on information and belief, Experian did no independent investigation into Plaintiff's dispute and simply parroted the data in the ACDV response from Nelnet

**ANSWER:**   In response to Paragraph 42 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

43.     On January 6, 2026, more than thirty (30) days following its receipt of Plaintiff's dispute package, Plaintiff viewed his Equifax credit report and found that both of the fraudulent student loan accounts disputed by Plaintiff were still appearing on his credit reports. Based on information and belief, Equifax did no independent investigation into Plaintiff's dispute and simply panoted the data in the ACDV response from Nelnet.

**ANSWER:**  In response to Paragraph 43 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or

information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

44.    The following accounts continued reporting for more than thirty (30) days following the CRAs' receipt of Plaintiff's dispute packages, in violation of the FCRA:

a. <u>TRANS UNION</u>

i    DEPT OF ED/NELNET          Account #90000046109****

ii   DEPT OF ED/NELNET          Account #90000049541****

b. <u>EQUIFAX</u>

i    DEPT OF ED                Account #*8829

ii   DEPT OF ED                Account #*2632

c. <u>EXPERIAN</u>

i    DEPT OF ED/NELNET          Account #90000046109****

ii   DEPT OF ED/NELNET          Account #90000049541****

**ANSWER:**    In response to Paragraph 44 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

45.    After learning the CRAs continued to report the fraudulent and inaccurate accounts after receipt and processing of Plaintiffs first dispute packages, Plaintiff obtained a police report and FTC identity theft report and re-disputed the accounts through dispute packages mailed directly to the CRAs via USPS Certified Mail.

**ANSWER:**    In response to Paragraph 45 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14

46.     Plaintiff's second dispute packages each contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's police report, a copy of Plaintiff's FTC identity theft report, a copy of Plaintiff's utility bill showing his current address, a copy of Plaintiff's social security card and a copy of Plaintiff's driver's license for identity verification.

**ANSWER:**   In response to Paragraph 46 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 46 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

47.     Plaintiff's second Equifax dispute package was delivered and signed for by an Equifax agent or employee on February 1, 2026.

**ANSWER:**   In response to Paragraph 47 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

48.     On February 9, 2026, Plaintiff received a letter from Equifax stating that fraudulent account ending in *8829 was previously removed but the company who furnished the account requested to have the account reinserted.

**ANSWER:**   In response to Paragraph 48 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

49.     On information and belief, four (4) days following its receipt of Plaintiffs dispute package, the fraudulent student loan account ending in *2632 was still reporting on Plaintiff's Equifax report.

**ANSWER:**  In response to Paragraph 49 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

50.     On March 20, 2026, more than thirty (30) days following its receipt of Plaintiffs dispute package, Plaintiff viewed his Equifax credit report and found that both of the fraudulent accounts were still being reported by Equifax.

    a.  EQUIFAX

        i    DEPT OF ED                              Account #*2632

        ii   DEPT OF ED                              Account #*8829

**ANSWER:**  In response to Paragraph 50 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

51.     On information and belief, Equifax is still reporting the fraudulent and inaccurate student loan accounts on Plaintiff's credit report, to the great detriment of Plaintiffs credit.

**ANSWER:**  In response to Paragraph 51 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

52.     As a result of Defendants' conduct, Plaintiff suffered extensive damages, described in detail below.

**ANSWER:**  In response to the allegations in Paragraph 52 of the Complaint that are directed toward Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 52.  As to the allegations in Paragraph 52 which are directed to another Defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PLAINTIFF'S DAMAGES

53.     As a result of Defendants' violations of the FCRA, Plaintiff is entitled to actual, statutory, and punitive damages, along with their attorneys' fees and costs in this matter. Defendants' conduct was such that Defendants acted willfully, intentionally, recklessly, and/or negligently in their actions related to Plaintiff.

**ANSWER:**  In response to Paragraph 53 of the Complaint, Experian denies that it violated the FCRA, and denies that Plaintiff is entitled to any actual, statutory, and punitive damages or fees and costs as a result of Experian's conduct. Experian also denies that it acted willfully, intentionally, recklessly, and/or negligently regarding the alleged violations.  As to the allegations in paragraph 53 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein

54.     The conduct of the Defendants was a direct and/or proximate cause, as well as a substantial factor in bringing about injuries, damages, and harm suffered by Plaintiff. Plaintiff continues to suffer because of Defendants' conduct. Plaintiff expects their damages to continue to accrue and be ongoing until they are made whole again if that ever occurs.

**ANSWER:**    In response to Paragraph 54 of the Complaint, Experian lacks sufficient knowledge as to the "injuries, damages, and harm suffered by Plaintiff[,]" and, on that basis, denies, generally and specifically, each and every allegation contained therein. As to the remaining allegations in paragraph 54 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein

55.    Defendants, due to their conduct, are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, and punitive damages, as well as such other relief permitted by law. Plaintiff suffered the following types of damages due to the conduct of Defendants:

a.    Emotional damages in the form of mental anguish, humiliation, and embarrassment. Plaintiff has experienced significant emotional distress as a direct result of Defendants' inaccurate credit reporting. The ongoing stress and anxiety caused by Defendants' conduct have severely impacted Plaintiff's daily life and decision-making. This harm has been especially devastating because Plaintiff is currently undergoing treatment for cancer, a period during which stability and reduced stress are critical to his physical and mental well-being. The added burden of Defendants' misconduct has exacerbated Plaintiff's mental health struggles, contributing to heightened anxiety, increased feelings of depression, and a pervasive sense of hopelessness. Plaintiff has been forced to seek professional help to cope with these symptoms. Since the inaccurate reporting began, Plaintiff has

18

lived in a constant state of worry, significantly diminishing his overall quality of life during an already vulnerable and challenging time.

b.      Physical manifestations of mental anguish, humiliation, and embarrassment. Plaintiff's emotional distress has manifested in significant and persistent physical symptoms. Plaintiff suffers from chronic sleep disruption, daily headaches that rise to the level of migraines, and ongoing difficulty concentrating. Plaintiff's stress and anxiety specifically have led to sweating, shaking, elevated blood pressure, and weight loss. The severity of this emotional strain has also led to episodes of shortness of breath and heart palpitations when Plaintiff worries about his credit and the long-term consequences of the inaccurate reporting.

c.      Damages to Plaintiff's creditworthiness, credit reputation, and borrowing power. Plaintiff's credit has been severely damaged by Defendants' conduct, resulting in repeated loan denials and a lowered credit limit. Plaintiff was unable to obtain a car loan, leaving him with no choice but to walk to work. This bas significantly disrupted Plaintiff's daily life, limited his independence, and bas imposed strain on his physical and emotional wellbeing. The financial instability caused by Defendants bas created an overwhelming burden, especially during a time when Plaintiff is undergoing treatment for cancer. The inability to access reliable transportation has made it difficult for Plaintiff to manage basic responsibilities. This bas severely impacted Plaintiff's ability to freely live his life and has created an overwhelming financial burden for Plaintiff.

19

**ANSWER:**    In response to Paragraph 55 of the Complaint, Experian denies that it is liable to compensate Plaintiff for any damages or other forms of relief. As to the damages outlined in Paragraph 55(a)-(c), Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to the allegations in paragraph 55 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

56.    Plaintiff's damages caused by and through the conduct of Defendants are more generally described as follows:

     a.    Emotional damages in the form of mental anguish, humiliation, embarrassment, depression, and anxiety.

     b.    Physical manifestations of stress and anxiety, including weight loss, heart palpitations and high blood pressure.

     c.    Financial damages, including damage to Plaintiff's creditworthiness, credit reputation, and borrowing power.

     d.    All other damages as described above

**ANSWER:** In response to Paragraph 56 of the Complaint, as to the damages outlined in Paragraph 56(a)-(d), Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and, on that basis, denies, generally and specifically, each and every allegation contained herein. As to the remaining allegations in Paragraph 56 that relate to Experian, Experian states it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained herein.  As to the

allegations in paragraph 56 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein

57.     Plaintiff's damages attributable to Defendants are serious, continuing, and ongoing.

**ANSWER:**     In response to Paragraph 57 of the Complaint, Experian expressly denies that any of Plaintiff's purported damages were caused by Experian. Experian further states that "damages attributable to Defendants" is so vague that Experian lacks sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein. As to the allegations in paragraph 57 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

58.     Defendants' actions have led to Plaintiff's great detriment and loss and are caused by the conduct of Defendants described herein.

**ANSWER:**  In response to Paragraph 58 of the Complaint, Experian expressly denies that any of Plaintiff's purported damages were caused by Experian.   Experian further states that "Plaintiff's great detriment and loss" is so vague that Experian lacks sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein. As to the allegations in paragraph 58 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

## CAUSES OF ACTION

59.    Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**    In response to Paragraph 59 of the Complaint, Experian hereby incorporates by reference the foregoing answers as though reinstated herein.

60.    This suit is based upon the Defendants' violations of the Fair Credit Reporting Act (FCRA). All causes of action were the producing causes of damages which Plaintiff has suffered.

**ANSWER:**    In response to Paragraph 60 of the Complaint, Experian admits that the Complaint purports to state claims for damages under the Fair Credit Reporting Act but denies that it violated the FCRA and that Plaintiff is entitled to any damages. As to the allegations in paragraph 60 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA)

61.    Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**    In response to Paragraph 61 of the Complaint, Experian hereby incorporates by reference the foregoing answers as though reinstated herein.

62.    The FCRA defines a "Consumer Reporting Agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 168la(f).

22

**ANSWER:**  In response to Paragraph 62 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681a(f). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 62 of the Complaint inconsistent therewith.

63.    Defendants (Experian, Equifax, and Trans Union) are Consumer Reporting Agencies pursuant to the FCRA and will collectively be referred to as "the CRAs," or "the CRA Defendants."

**ANSWER:**    In response to Paragraph 63 of the Complaint, Experian admits that it is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

64.    The FCRA defines a "Person" as "any individual, partnership, corporation, trust, estate cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

**ANSWER:**  In response to Paragraph 64 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681a(b). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 64 of the Complaint inconsistent therewith.

65.    The Code of Federal Regulations defines a "Furnisher" as ''an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 12 CFR § 1022.4l(c).

**ANSWER:**  In response to Paragraph 65 of the Complaint, Experian admits that Plaintiff purports to quote 12 CFR § 1022.41(c). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 65 of the Complaint inconsistent therewith.

66.     Defendant (Nelnet) is a "Person" pursuant to the FCRA, and "Furnisher" pursuant to the Code of Federal Regulations (CFR) and will be referred to as "the Data Furnisher" or "the Data Furnisher Defendant."

**ANSWER:**  In response to Paragraph 66 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

67.     The following conduct of the CRAs and the Data Furnisher was a direct and/or proximate cause, as well as a substantial factor in, and/or producing cause bringing about the serious injuries, damages, and harm that Plaintiff has suffered and continues to suffer as of the filing of this Complaint. Plaintiff expects their damages caused by the CRAs and the Data Furnisher to continue to accrue and be ongoing until Plaintiff is made whole again.

**ANSWER:**  In response to Paragraph 67 of the Complaint, Experian expressly denies that any of Plaintiff's purported damages were caused by Experian.  Experian further denies that it caused Plaintiff's damages. Experian states that "the serious injuries, damages, and harm that Plaintiff has suffered and continues to suffer" is so vague that Experian lacks sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein. As for the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein. As to the remaining allegations in paragraph 67, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

68.    The CRAs and the Data Furnisher, as defined above, acted in a manner that was willful, intentional, reckless, and/or negligent in their actions related to Plaintiff. As a result of these Defendants' violations of the FCRA, which are listed below, Plaintiff is entitled to actual, statutory, and punitive damages along with their attorneys' fees and costs in this matter.

**ANSWER:**  In response to Paragraph 68 of the Complaint, Experian denies that it acted willfully, intentionally, recklessly, and/or negligently as alleged by Plaintiff. Experian also denies that it violated the FCRA, and denies that Plaintiff is entitled to actual, statutory, and punitive damages, or any fees and costs. As to the allegations in paragraph 68 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

69.    Plaintiff's damages attributable to the CRAs and the Data Furnisher are described in detail in paragraphs 55-60 above.

**ANSWER:**  In response to Paragraph 69 of the Complaint, Experian incorporates by reference Experian's answers for paragraph 55-60.

70.    Plaintiff's damages attributable to the CRAs and the Data Furnisher are serious, continuing, and ongoing.

**ANSWER:**   In response to Paragraph 70 of the Complaint, Experian expressly denies that any of Plaintiff's purported damages were caused by Experian. Experian also states that "damages attributable to the CRAs and the Data Furnisher" is so vague that Experian lacks sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein. As to the allegations in paragraph 70 that relate to other Defendants, Experian is without knowledge or

25

information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

71.    This suit is brought against the Defendants for violations of the FCRA which are the causes of Plaintiff's damages. In all instances of violating the FCRA, Defendants did so willfully, intentionally, recklessly, and/or negligently. Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees under 15 U.S.C. §1681n and §16810.

**ANSWER:**  In response to Paragraph 71 of the Complaint, Experian denies that it violated the FCRA, and denies that Plaintiff is entitled to any damages or fees. Further, Experian denies that it acted willfully, intentionally, recklessly, and/or negligently as alleged by Plaintiff. As to the allegations in paragraph 71 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

**COUNT l:**

**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(Defendants Experian, Equifax, and Trans Union)**

72.    Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**  In response to Paragraph 72 of the Complaint, Experian incorporates by reference the foregoing paragraphs as if they were reinstated herein.

73.    The FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b).

**ANSWER:**    In response to Paragraph 73 of the Complaint, Experian admits that Plaintiff

26

purports to quote 15 U.S.C. § 1681e(b). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 73 of the Complaint inconsistent therewith.

74.     The CRAs maintained fraudulent and inaccurate information about Plaintiff and prepared credit reports regarding Plaintiff containing fraudulent information.

**ANSWER:**  In response to allegations in Paragraph 74 of the Complaint that are directed toward Experian, Experian denies all allegations. As to the allegations in paragraph 74 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

75.     Despite actual and implied knowledge that Plaintiff was the victim of identity theft, the CRAs readily stored, prepared, reported, and/or sold reports containing fraudulent and inaccurate information about Plaintiff, and in doing so, the CRAs suggested that Plaintiff was responsible for accounts and information that was the product of identity theft.

**ANSWER:**  In response to the allegations in Paragraph 75 of the Complaint that are directed toward Experian, Experian denies all allegations. As to the allegations in paragraph 75 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

76.     The CRAs' conduct as to Plaintiff was such that a third party who viewed Plaintiffs credit reports could reasonably infer that the fraudulent and inaccurate information being reported by the CRAs was accurate, to Plaintiffs great detriment.

27

**ANSWER:** In response to the allegations in Paragraph 76 of the Complaint that are directed toward Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 76. As to the allegations in Paragraph 76 which are directed to another Defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

77. The CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to establish and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit files and/or reports they maintained and published about Plaintiff.

**ANSWER:** In response to the allegations in Paragraph 77 of the Complaint that are directed toward Experian, Experian denies, generally and specifically, each and every allegation contained therein. As to the allegations in paragraph 77 that relate to other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein.

78. Had the CRAs established and/or followed reasonable procedures to assure maximum possible accuracy of their credit files and/or reports concerning Plaintiff, the CRAs would have known that the information being reported about Plaintiff was fraudulent and inaccurate.

**ANSWER:** In response to Paragraph 78 of the Complaint, Experian denies Plaintiff's suggestion that Experian did not have or follow reasonable procedures to assure accuracy in its credit reporting. As to the remaining allegations in paragraph 78, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28

79.     Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to the CRAs via USPS certified mail. In these dispute packages, Plaintiff expressly informed the CRAs that Plaintiff was the victim of identity theft and that the disputed account information did not belong to Plaintiff. Plaintiff instructed the CRAs not to rely on the Data Furnisher for accurate information about their credit and to conduct an independent investigation into Plaintiff's dispute.

**ANSWER:** In response to Paragraph 79 of the Complaint, Experian acknowledges receiving two dispute letters from Plaintiff, or those who purported to be from Plaintiff. Experian states that those dispute letters speak for themselves and denies any allegations in this paragraph inconsistent therewith. As the allegations in this paragraph relate to the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein.

80.     Had the CRAs established and/or followed reasonable procedures to assure maximum possible accuracy of their credit files and/or reports concerning Plaintiff, the CRAs would have deleted and/or blocked the reporting of the fraudulent and inaccurate information after being put on notice of the identity theft from Plaintiff's dispute package.

**ANSWER:**     In response to Paragraph 80 of the Complaint, Experian denies Plaintiff's allegation that Experian did not have or follow reasonable procedures to assure accuracy in its credit reporting. As to the remaining allegations in paragraph 80, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT II:

**15 U.S.C. § 1681i(a)(l)(A)**
**Failure to Conduct a Reasonable Investigation into Plaintiff's Dispute (Defendants Experian, Equifax, and Trans Union)**

81.    Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**  In response to Paragraph 81 of the Complaint, Experian incorporates by reference the foregoing paragraph as if they had been reinstated herein.

82.    The FCRA provides:

[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…. before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 168li(a)(l)(A).

**ANSWER:**    In response to Paragraph 82 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681i(a)(1)(A). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 82 of the Complaint inconsistent therewith.

83.    Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to the CRAs via USPS certified mail. Plaintiff's first dispute packages each contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's utility bill and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:** In response to Paragraph 83 of the Complaint, Experian acknowledges receiving two dispute letters from Plaintiff, or those who purported to be from Plaintiff. Experian states that those

dispute letters speak for themselves and denies any allegations in this paragraph inconsistent therewith. As the allegations in this paragraph  relate to the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein.

84.    Plaintiff's second dispute package to Equifax contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's police report, a copy of Plaintiff's FTC report a copy of Plaintiff's social security card, and a copy of Plaintiff's utility bill.

**ANSWER:**  In response to Paragraph 84 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

85.    Plaintiff's dispute packages contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the fraudulent and inaccurate accounts had been placed on Plaintiff's credit reports as a result of identity theft.

**ANSWER:**  In response to Paragraph 85 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 85 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

86.    After Plaintiff verified that their dispute packages had been delivered to the CRAs by USPS, Plaintiff waited more than thirty (30) days before viewing their credit reports following their dispute.

31

**ANSWER:**  In response to Paragraph 86 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

87.    After pulling new credit reports, Plaintiff found that the disputed accounts remained on their credit report following the CRAs' processing of Plaintiff's dispute, in violation of 15 U.S.C. § 1681i(a)(l)(A).

**ANSWER:**  In response to Paragraph 87 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

88.    Plaintiff provided the CRAs with ample information proving that the disputed accounts were the product of identity theft. Had the CRAs conducted reasonable investigations in accordance with the requirements imposed by the FCRA, they would have deleted the items from Plaintiff's credit files before the end of the thirty (30) day period.

**ANSWER**:  In response to Paragraph 88 of the Complaint, Experian denies Plaintiff's suggestion that Experian did not have or follow reasonable procedures to assure accuracy in its credit reporting. As to the remaining allegations in paragraph 88, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT III:

**15 U.S.C. § 1681i(a)(4)**
**Failure to Read and Consider Documents Attached to Plaintiff's Dispute**
**(Defendants Experian, Equifax, and Trans Union)**

89.    Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:** In response to Paragraph 89 of the Complaint, Experian hereby incorporates by reference the foregoing answers as if they were reinstated herein.

90.     The FCRA provides that "[i]n conducting any reinvestigation under [15 U.S.C. § 168li(a)(l)], with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the [30-day] period described in [15 U.S.C. § 168li(a)(l)(A)] with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

**ANSWER:**   In response to Paragraph 90 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681i(a)(4). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 81 of the Complaint inconsistent therewith.

91.     Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to the CRAs via USPS certified mail. Plaintiff's first dispute packages contained a detailed and thorough dispute letter signed by Plaintiff, a utility bill and a copy of Plaintiffs driver's license for identity verification. Plaintiff's second dispute package to Equifax contained a detailed and thorough dispute letter signed by Plaintiff, a utility bill, a copy of Plaintiff's social security card, a copy of Plaintiff's police report, a copy of Plaintiff's FTC report, and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:** In response to Paragraph 91 of the Complaint, Experian acknowledges receiving two dispute letters from Plaintiff, or those who purported to be from Plaintiff. Experian states that those dispute letters speak for themselves and denies any allegations in this paragraph inconsistent therewith. As the allegations in this paragraph relate to the other Defendants, Experian lacks

knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein.

92. Plaintiff's dispute packages contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the fraudulent and inaccurate accounts had been placed on Plaintiff's credit reports as a result of identity theft.

**ANSWER:** In response to Paragraph 92 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 92 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

93. Plaintiff, through their dispute packages, provided the CRAs with documents sufficient to prove that Plaintiff was the victim of identity theft, however, the CRAs failed to review and consider all relevant documents submitted by Plaintiff, in violation of 15 U.S.C. § 1681i(a)(4).

**ANSWER:** In response to Paragraph 93 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 93 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

94. Had the CRAs acted in accordance with the investigation requirements imposed by the FCRA and reviewed and considered each document contained in Plaintiff's dispute package, it would have been easy for the CRAs to determine that Plaintiff was the victim of identity theft and delete and/or suppress the disputed information accordingly.

**ANSWER:**    In response to Paragraph 94 of the Complaint, Experian denies Plaintiff's allegation that Experian failed to follow the requirements of the FCRA.  As to the remaining allegations in paragraph 94 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.  As the allegations in paragraph 94 of the Complaint that relate to the other Defendants, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COUNT IV:**

**15 U.S.C. § 1681i(a)(S)(A)**
**Failure to Delete and/or Modify the Disputed Information**
**(Defendants Experian, Equifax, and Trans Union)**

95.    Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**  In response to Paragraph 95 of the Complaint, Experian incorporates by reference the foregoing answers as if they were reinstated herein.

96.    The FCRA provides that:

(5)  Treatment of Inaccurate or Unverifiable Information

(A) *In general.* If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i)  promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii)  promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

15 U.S.C. §168li(a)(5)(A).

35

**ANSWER:**   In response to Paragraph 96 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681i(a)(5)(A). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 96 of the Complaint inconsistent therewith.

97.   Plaintiff disputed the fraudulent and inaccurate accounts through a dispute package mailed directly to the CRAs via USPS certified mail. Plaintiff's first dispute packages contained a detailed and thorough [sic] dispute letter signed by Plaintiff, a utility bill, and a copy of Plaintiff's driver's license for identification verification. Plaintiff's second dispute package to Equifax contained a detailed and through dispute letter signed by Plaintiff, a utility bill, a copy of Plaintiffs social security card, a copy of Plaintiff's police report, a copy of Plaintiffs FTC report, and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:** In response to Paragraph 97 of the Complaint, Experian acknowledges receiving two dispute letters from Plaintiff, or those who purported to be from Plaintiff. Experian states that those dispute letters speak for themselves and denies any allegations in this paragraph inconsistent therewith. As it relates to the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein.

98.   Plaintiffs dispute packages contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the fraudulent and inaccurate accounts had been placed on Plaintiff's credit report as a result of identity theft, yet the CRAs failed to delete fraudulent and inaccurate information disputed by Plaintiff.

**ANSWER:**   In response to Paragraph 98 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.   As to the

36

allegations in paragraph 98 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

99.    After pulling new credit reports following their dispute, Plaintiff found that the CRAs continued reporting the fraudulent and inaccurate accounts disputed by Plaintiff, in violation of the FCRA.

**ANSWER:**  In response to Paragraph 99 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 99 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

100.    The CRAs violated their duty under 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed information from Plaintiff's credit file and/or credit report.

**ANSWER:**  In response to Paragraph 100 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.. As it relates to the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein.

101.    Had the CRAs conducted reasonable investigations into Plaintiff's disputes as required by statute, they would have easily found that Plaintiff was the victim of identity theft and promptly deleted the disputed items from Plaintiff's credit files and/or credit reports in accordance with the FCRA. Instead, the CRAs continued their inaccurate credit reporting about Plaintiff, to Plaintiff's great detriment.

**ANSWER:**  In response to Paragraph 101 of the Complaint, Experian denies Plaintiff's suggestion that Experian failed to follow the requirements of the FCRA. As to the remaining allegations in paragraph 101 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein. As the allegations in paragraph 101 of the Complaint relate to the other Defendants, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT V:

**15 U.S.C. § 1681c-2(a)**
**Failure to Block the Reporting of Identity Theft Information within Four (4) Business Days**
**(Defendant Equifax)**

102.    Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**  In response to Paragraph 102 of the Complaint, Experian hereby incorporates by reference the foregoing answers as if reinstated herein.

103.    The FCRA provides the following:

[A]    consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identities as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of-

(1)    appropriate proof of identity of the consumer;

(2)    a copy of an identity theft report;

(3)    the identification of such information by the consumer; and

(4)    a statement by the consumer that the information is not information relating to any transaction by the consumer.

15 U.S.C. § 1681c-2(a).

**ANSWER:**    In response to Paragraph 103 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681c-2(a).  Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 103 of the Complaint inconsistent therewith.

104.    After Plaintiff discovered the fraudulent and inaccurate accounts appearing on their credit reports, Plaintiff disputed the accounts through dispute packages mailed directly to the CRAs via USPS certified mail.

**ANSWER:** In response to Paragraph 104 of the Complaint, Experian acknowledges receiving two dispute letters from Plaintiff, or those who purported to be from Plaintiff. Experian states that those dispute letters speak for themselves and denies any allegations in this paragraph inconsistent therewith. As it relates to the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein.

105.    Plaintiff's second dispute package to Equifax contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's police report, a copy of Plaintiff's FTC report, a copy of Plaintiff's social security card, a copy of Plaintiff's utility bill showing his current address, and a copy of Plaintiff's driver's license for identity verification.

**ANSWER:**  In response to Paragraph 105 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

106.    Plaintiff's dispute packages each contained more than enough information for the Equifax to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the

39

fraudulent and inaccurate accounts had been placed on Plaintiff's credit reports as a result of identity theft.

**ANSWER:**  In response to Paragraph 106 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

107.    Following the Equifax's receipt of Plaintiff's dispute packages, Plaintiff did not receive any dispute results.

**ANSWER:**  In response to Paragraph 107 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

108.    On information and belief, the Equifax continued reporting the fraudulent and inaccurate accounts on Plaintiff's credit reports in violation of the FCRA.

**ANSWER:**  In response to Paragraph 108 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

109.    Equifax violated 15 U.S.C. § 168lc-2(a) when, based on information and belief, they failed to block the reporting of information in Plaintiffs consumer file that Plaintiff identified as having resulted from an alleged identity theft within four (4) business days of receipt of proof of identity, a copy of Plaintiffs identity theft report, identification of identity theft-related

40

information, and Plaintiff's statement that the fraudulent and inaccurate accounts were the product of identity theft.

**ANSWER:**  In response to Paragraph 109 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

110.    Had Equifax acted in accordance with their duties under the FCRA, the Equifax would have blocked the reporting of the fraudulent and inaccurate accounts identified by Plaintiff as resulting from identity theft within four (4) business days of receipt of Plaintiffs dispute packages.

**ANSWER:**  In response to Paragraph 110 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT Vl:

### 15 U.S.C. § 1681i(a)(5)(B)
### Reinsertion of Deleted Information
### (Defendant Equifax)

111.    Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**  In response to Paragraph 111 of the Complaint, Experian hereby incorporates by reference all of the foregoing answers as though they were set forth herein.

112.    The FCRA provides that "[i]f any information is deleted from a consumer's file pursuant to [15 U.S.C. §1681i(a)(5)(A)], the information may not be reinserted in the file by the

41

consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate." 15 U.S.C. § 168li(a)(5)(B)(i).

**ANSWER:** In response to Paragraph 112 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681i(a)(5)(B)(i). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 112 of the Complaint inconsistent therewith.

113.    After pulling new credit reports following Equifax's processing of their disputes, Plaintiff found that Defendant Equifax initially deleted and/or suppressed its reporting of the fraudulent and inaccurate accounts disputed by Plaintiff.

**ANSWER:** In response to Paragraph 113 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

114.    However, after receiving a letter from Defendant Equifax, Plaintiff learned the disputed account had once again begun reporting by Equifax on Plaintiffs Equifax credit report.

**ANSWER:** In response to Paragraph 114 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

115.    Equifax violated 15 U.S.C. §168li{a)(5)(B)(i) when it reinserted the previously deleted Nelnet account on Plaintiff's credit file and/or credit report.

**ANSWER:** In response to Paragraph 115 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or

42

information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

116.    Had Equifax acted in accordance with the requirements of the FCRA, it would have known from its own investigation based on the information provided by Plaintiff that the account was the product of identity theft, and it would not have reinserted and resumed its reporting of the fraudulent and inaccurate accounts on Plaintiff's credit file and/or credit report.

**ANSWER:**  In response to Paragraph 116 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT VII:

**15 U.S.C. § 168li(a)(5)(C)**
**Failure to Follow Reasonable Procedures to Prevent Reappearance of Deleted Information**
**(Defendant Equifax)**

117.    Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**  In response to Paragraph 117 of the Complaint, Experian incorporates by reference the foregoing paragraphs as if they were reinstated herein.

118.    The FCRA provides that "[a] consumer reporting agency shall maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted…. " 15 U.S.C. § 1681i(a)(5)(C).

**ANSWER:** In response to Paragraph 118 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681i(a)(5)(C). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 118 of the Complaint inconsistent therewith.

119.    Following the Equifax's processing of their dispute, Plaintiff received notice that Defendant Equifax initially deleted and/or suppressed the reporting of the fraudulent and inaccurate accounts disputed by Plaintiff but later reinserted it.

**ANSWER:**  In response to Paragraph 119 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

120.    The CRA violated 15 U.S.C. § 168li(a)(5)(C) by failing to maintain reasonable procedures designed to prevent the reappearance of the fraudulent and inaccurate accounts that were initially deleted and/or suppressed from Plaintiff's credit file and/or credit report by the CRA following Plaintiff's dispute.

**ANSWER:**  In response to Paragraph 120 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

121.    Had Equifax acted in accordance with its duties under the FCRA, the CRA would not have reinserted the fraudulent and inaccurate accounts on Plaintiff's credit file and/or credit report.

**ANSWER:**  In response to Paragraph 121 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT VIII:

**15 U.S.C. § 1681s-2(b)**
**Failure to Conduct a Reasonable Investigation of the Information Disputed by Plaintiff**
**(Defendant Nelnet)**

122.    Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**  In response to Paragraph 122 of the Complaint, Experian incorporates by reference the foregoing paragraph as if they had been reinstated herein.

123.    The FCRA provides the following:

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A)    Conduct an investigation with respect to the disputed information;

(B)    Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C)    Report the results of the investigation to the consumer reporting agency;

(D)    If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly-

(i)   Modify that item of information;
(ii)  Deleted that item of information; or
(iii) Permanently block the reporting of that information.

45

15 U.S.C. § 1681s-2(b).

**ANSWER:**    In response to Paragraph 123 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681s-2(b). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 123 of the Complaint inconsistent therewith.

124.    The Data Furnisher furnished information about fraudulent and inaccurate accounts that were the product of identity theft to the Credit Reporting Agencies.

**ANSWER:**  In response to Paragraph 124 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

125.    The Data Furnishers caused fraudulent and inaccurate accounts to be added to Plaintiff's credit files with the Credit Reporting Agencies.

**ANSWER:**  In response to Paragraph 125 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

126.    On information and belief, notices of Plaintiff's disputes and attachments were transmitted to the Data Furnishers by the CRAs during the dispute processes. Therefore, the Data Furnisher was aware that the disputed accounts did not belong to Plaintiff and still verified the disputed accounts as accurate and instructed the CRAs to continue reporting the inaccurate information, to the great detriment of Plaintiff.

46

**ANSWER:**  In response to the allegations in Paragraph 126 of the Complaint that are directed toward Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 126.  As to the allegations in Paragraph 126 which are directed to another Defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

127.    The Data Furnishers failed to conduct reasonable, good faith investigations into Plaintiff's notices of dispute.

**ANSWER:**  In response to Paragraph 127 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

128.    Had the Data Furnishers acted in accordance with their duties under 15 U.S.C. § 168ls-2(b), the Data Furnishers would have recognized that the disputed accounts were the product of identity theft and instructed the CRAs to cease their reporting of the fraudulent and inaccurate accounts. Instead, the Data Furnishers verified the disputed accounts as accurate and instructed the CRAs to continue their reporting of the fraudulent and inaccurate accounts.

**ANSWER:**  In response to the allegations in Paragraph 128 of the Complaint that are directed toward Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 128.  As to the allegations in Paragraph 128 which are directed to another Defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

47

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks a trial by jury and a judgment in Plaintiff's favor against Defendants based on the following requested relief:

a.    Actual and compensatory damages pursuant to 15 U.S.C. § 1681;

b.    Statutory damages pursuant to 15 U.S.C. § 1681;

c.    Punitive damages pursuant to 15 U.S.C. § 1681;

d.    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 16810,

e.    Such other and further relief as may be necessary, just and proper.

**ANSWER:**  The "WHEREFORE" paragraphs purport to state Plaintiff's Prayer for Relief, to which no response is required.  To the extent a response is required, Experian admits that Plaintiff demands a trial by jury.  Experian does not join in that demand.

\*      \*      \*      \*      \*

**AFFIRMATIVE DEFENSES**

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses. By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does Experian admit that Plaintiff is relieved of his burden to prove each and every element of his claims and the damages, if any, to which he is entitled.

## FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS/LACHES)

Plaintiff's claims fail to the extent that they are barred by applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p, or by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE
### (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

## SIXTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SEVENTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Any damages that Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## EIGHTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (COMPLIANCE WITH LEGAL REQUIREMENTS)

Experian maintains and follows extensive policies and procedures to ensure the maximum possible accuracy of consumer credit files, reports, and disclosures. Included in these policies and procedures are mechanisms to ensure that Experian reports accurate information and conducts reasonable reinvestigations within the meaning of the FCRA. Experian has at all times complied with all applicable statutory, regulatory, and common law requirements, and accordingly, Plaintiff's claims are barred by Experian's compliance with all applicable State, Federal, and local laws and regulations.

## TENTH AFFIRMATIVE DEFENSE
### (INTERVENING CAUSES)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

50

## ELEVENTH AFFIRMATIVE DEFENSE
### (PUNITIVE DAMAGES)

Plaintiff's claim for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, Experian states that punitive damages violate its constitutional rights under the Constitution of the United States of America.

## TWELFTH AFFIRMATIVE DEFENSE
### (ARBITRATION)

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

## RESERVATION OF RIGHTS

Experian hereby reserves the right to amend its Answer and Affirmative Defenses, and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the FCRA, and any other defenses that may now exist or in the future be available based on discovery or further factual investigation in this case.

## EXPERIAN'S PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

51

Dated: June 22, 2026                         Respectfully Submitted,


                                             */s/ Fatmeh Basma*
                                             Fatmeh Basma (*pro hac vice*)
                                             GOODWIN PROCTER LLP
                                             1900 N Street NW
                                             Washington DC 20036
                                             Tel.: 202-346-4528

                                             *Attorney for Defendant Experian*
                                             *Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I certify that the within document was electronically filed with the clerk of the court on

June 22, 2026, and that it is available for viewing and downloading from the Court's ECF system.

*/s/ Fatmeh Basma*
Fatmeh Basma