IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID JENKINS,<br>　　Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 4:26-cv-00364-RWS |
| | § | |
| EXPERIAN INFORMATION<br>SOLUTIONS, INC.; EQUIFAX<br>INFORMATION SERVICES, LLC;<br>TRANS UNION, LLC; NELNET, INC.<br>　　Defendants. | §<br>§<br>§<br>§<br>§ | |

---

### NELNET SERVICING, LLC'S MOTION TO DISMISS

---

Defendant Nelnet Servicing, LLC (incorrectly named as Nelnet, Inc.) hereby files this Motion to Dismiss Plaintiff's Complaint (the "Complaint"), pursuant to Rule 12(b)(2) and, in the alternative, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

### I.      Introduction

This is a credit reporting dispute. Plaintiff resides in Tennessee and asserts that he did not agree to be a borrower on his daughter's student loans, which were originated in Florida. Nelnet is the servicer of the student loans and is based in Nebraska. The remaining defendants are the credit reporting agencies, which are based in Georgia, Illinois and California. None of the parties is located in Texas. None of the events giving rise to Plaintiff's claims took place in Texas. This Court lacks personal jurisdiction over Nelnet. Plaintiff's claims should be dismissed.

### II.      Statement of Issues to Be Decided by the Court

Does the Court have general personal jurisdiction over Nelnet, a Nebraska limited liability company with its principal place of business in Lincoln, Nebraska?

HB: 4928-1095-3653.1

Does the Court have specific personal jurisdiction over Nelnet (a Nebraska entity) arising from disputes that Plaintiff (a Tennessee consumer) sent to credit bureaus based in Georgia, Illinois, and California regarding student loan accounts that were opened in Florida?

In the alternative, is this lawsuit improperly venued in the Eastern District of Texas?

### III.    Relevant Allegations of the Complaint

Plaintiff alleges that he did not take out the student loans at issue and that he is a victim of identity theft at the hands of his ex-wife. D.E. 1 at ¶¶ 16-17. Plaintiff alleges his ex-wife applied for the loans using her mother's address in Florida as the address for the loan accounts. D.E. 1 at ¶ 20. Plaintiff alleges he has not lived in Florida since his divorce in January 2000. D.E. 1 at ¶ 21.

The Complaint does not allege that Plaintiff resides in Texas. *See generally* D.E. 1. On information and belief, and as reflected in Exhibits A-1 and A-2, Plaintiff is a resident of Tennessee, not Texas.

Similarly, none of the Defendants is located in Texas. Nelnet is a Nebraska limited liability company with its principal place of business in Lincoln, Nebraska.[1] Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company whose principal place of business in Atlanta, Georgia. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in Costa Mesa, California. Defendant TransUnion, LLC ("TransUnion") is a Delaware limited liability company whose principal place of business is in Chicago, Illinois.

In addition to none of the parties being located in Texas, Plaintiff does not allege that a single event described in the Complaint took place in Texas. The loans were allegedly originated in Florida. D.E. 1 at ¶ 20. The loans were disputed as identity theft by Plaintiff from his home in

---

[1] *See* Exhibit A (Declaration) at ¶ 6.

Tennessee.[2] Plaintiff mailed his disputes to credit reporting agencies (D.E. 1 at¶ 37) located in Georgia, California, and Illinois. Plaintiff alleges that the credit reporting agencies then forwarded his disputes to Nelnet (D.E. 1 at ¶ 126), which is in Nebraska.[3] While Plaintiff's allegations touch six states, **none of those states is Texas.**

Instead, Plaintiff alleges generally that the Defendants conduct business in Texas and have designated registered agents in Texas. D.E.¶¶ 9-12. Plaintiff also alleges that one defendant—Experian—has a processing center located in Texas. D.E. 1 at ¶ 9. However, Plaintiff does not allege that Experian's Texas processing center was involved in any way in the events described. *See generally* D.E. 1. Nor does Plaintiff allege that any Defendant ***engaged Plaintiff*** in the business that Defendant was conducting in Texas.

**IV.    The Court Should Dismiss Because It Lacks Personal Jurisdiction Over Nelnet**

A. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). If a defendant has moved to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to identify facts that show a prima facie case for jurisdiction. *Defense Distributed v. Grewal, 971 F.3d 485, 490 (5th Cir. 2020)*; *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). The Court "may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof." *Command-Aire Corp. v. Ontario Mech. Sales & Serv. Inc.*, 963 F.2d 90, 95 (5th Cir. 1992). The Court accepts as true all uncontroverted allegations in the complaint, and conflicts between affidavits must be resolved in the plaintiff's favor. *Wilson*, 20 F.3d at 648 (quoting *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). A prima facie case of personal

---

[2] *See* Exhibit A-1 (Dispute Letter).
[3] *See* Exhibit A (Declaration) at ¶ 6.

HB: 4928-1095-3653.1

jurisdiction may be overcome if the defendant "present[s] a compelling case that ... render[s] jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The Court must find it has personal jurisdiction over a defendant before making any decision as to the merits. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).

B.   Texas' Long-Arm Statute and Due Process Are Coextensive

Personal jurisdiction in federal court is governed by the law of the state in which the federal court sits. *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Texas courts have personal jurisdiction over a nonresident defendant when (1) the Texas long-arm statute authorizes it and (2) the exercise of jurisdiction is consistent with due-process guarantees. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 872 (Tex. 2010). Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)

C.   This Court's Exercise of Personal Jurisdiction over Nelnet Would Not Be Consistent with Due Process Guaranties

Under the Due Process Clause, a court may exercise either general or specific personal jurisdiction over a defendant.

i.   *Plaintiff has not alleged and cannot establish general jurisdiction over Nelnet.*

Nelnet is a foreign defendant. It is a Nebraska limited liability company with its principal place of business in Lincoln, Nebraska.[4]

General jurisdiction can be exercised over a foreign defendant only when a plaintiff can demonstrate that this is an "exceptional case" where the defendant's in-forum operations are "so substantial and of such a nature as to render the corporation at home within that forum." *Frank v.*

---

[4] *See* Exhibit A (Declaration) at ¶ 6.

HB: 4928-1095-3653.1

*P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337–38 (5th Cir. 2020) (citations omitted). "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.,* 197 F.3d 694, 717 (5th Cir.1999) (citation omitted). The contacts must be reviewed in toto and not in isolation from one another. *Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 779 (5th Cir.1986); *see also Religious Tech. Ctr.,* 339 F.3d at 374 (citations omitted) ("None of the activities individually constitutes a substantial or meaningful contact with Texas, Texas law, or Texas residents, and certainly considered *in toto* they fail to amount to continuous and systematic contact with Texas such that general jurisdiction is created."). But vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction. *See Gardemal v. Westin Hotel Co.,* 186 F.3d 588, 596 (5th Cir.1999).

General jurisdiction can be found where a foreign defendant maintains its corporate offices, manages all corporate affairs, and makes all key business decisions within the forum state. *See Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437 (1952) (affirming exercise of general personal jurisdiction where Philippine corporation relocated its corporate offices and all corporate functions to Ohio during Japanese occupation). By contrast, regular and substantial transactional business activity is not enough to confer general personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408 (1984) (no general personal jurisdiction over foreign defendant even though 80% of defendant's total revenue was from sales in Texas). The Fifth Circuit has consistently imposed the high standard set by the Supreme Court when ruling on general jurisdiction issues. *See, e.g., Cent. Freight Lines Inc. v. APA Transp. Corp.,* 322 F.3d 376, 381 (5th Cir. 2003) (finding no general jurisdiction even though the defendant routinely arranged

5

and received interline shipments to and from Texas and regularly sent salespeople to Texas to develop business, negotiate contracts, and service national accounts).

Here, Plaintiff's Complaint is devoid of any allegations whatsoever regarding general jurisdiction. Nelnet's corporate offices and all corporate functions are in Nebraska.[5] Nelnet services student loans for consumers residing in all 50 states, including Texas.[6] But, notably, **Plaintiff's loans** are not loans Nelnet serviced for a consumer in Texas because Plaintiff is not located in Texas.

Plaintiff does not allege that Nelnet's in-forum operations are "so substantial and of such a nature" as to render Nelnet at home within Texas. Indeed, Plaintiff's Complaint makes no allegations of general jurisdiction over Nelnet, much less sufficient allegations about the nature and location of Nelnet's business practices, to suggest that the present dispute is the "exceptional case" or that these facts overcome the high bar set by the Supreme Court to exercise general personal jurisdiction over a foreign entity like Nelnet.

ii. *Plaintiff has not alleged and cannot establish specific jurisdiction over Nelnet.*

The specific jurisdiction inquiry focuses on the relationship among the defendant, the forum, and the litigation. *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The relationship must arise out of contacts that the defendant creates with the forum state, and the focus is on the defendant's contacts with the forum state, not persons who reside there. *Id.* at 1122. A plaintiff cannot be the only link between the defendant and the forum. *Id.*

Because FCRA claims involve account data being disseminated to credit reporting agencies who then potentially share that information across state lines, it is instructive to see how Texas district courts address specific jurisdiction in FCRA cases. In *Lowe v. MAC Federal Credit Union,*

---

[5] Exhibit A (Declaration) at ¶ 7.
[6] Exhibit A (Declaration) at ¶ 8.

6

Judge Rodriguez in the Western District determined whether the Court had specific personal jurisdiction to adjudicate FCRA claims. *Lowe v. MAC Fed. Credit Union*, No. SA-17-CV-1230-XR, 2018 WL 2422999 (W.D. Tex. May 29, 2018). There, the consumer plaintiff lived outside of Texas when she originated a loan with a defendant in Alaska. *Id.* at *1. The plaintiff then relocated to Texas, which is where she resided during the credit reporting dispute. *Id.* The plaintiff argued that specific personal jurisdiction existed because the defendant furnished account data and responded to plaintiff's disputes after she relocated to Texas. *Id.* at *4. The plaintiff also argued that her relocation "carried" the earlier transaction to Texas. *Id.* The Court rejected all of these arguments because the underlying transaction had no connection with Texas and the nature of the alleged injury would have taken place in any forum to which plaintiff relocated (rather than occurring in Texas ***because of*** the defendant's contacts with Texas), so these facts could not form the basis of specific personal jurisdiction. *Id.* at *6. Ultimately, "[t]he unilateral activity of a plaintiff who claims some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *Id.* at *4. *See also Muhammad v. Americas Servicing Co.*, No. 1:21-CV-1189-RP, 2023 WL 12253412, at *1–3 (W.D. Tex. Mar. 10, 2023) (J. Pittman) (plaintiff who opened account in Kentucky and then moved to Texas could not establish the Court had general or specific jurisdiction over South Dakota defendant).

In this case, Plaintiff's allegations demonstrate even less connection than those in *Lowe*. Here, the Complaint is completely devoid of ***any*** facts alleging that Plaintiff's claims took place in Texas, much less arise from Nelnet's activities in Texas. Rather, Plaintiff alleges the loans at issue were originated in Florida. D.E. 1 at ¶ 20. The Complaint references Plaintiff's dispute letter

HB: 4928-1095-3653.1

sent to Defendants Equifax, Experian and TransUnion (D.E. 1 at ¶ 37), which states that Plaintiff

lives in Tennessee—not Texas.[7]



> Dear TransUnion,
>
> My name is David Jenkins, and I am writing to formally dispute fraudulent accounts that appear on my TransUnion credit report. I am a victim of identity theft and have found several fraudulent accounts and information appearing on my report that I did not open or authorize.
>
> To clarify, here is my accurate personal information:
>
> 1. Name: David Jenkins
> 2. Address: 801 E Main St. Apt 42, Rogersville, TN 37857

Plaintiff also included his driver's license reflecting residence in Tennessee and a utility bill for an

apartment in Rogersville, Tennessee.[8]



Likewise, Nelnet corresponded with Plaintiff at this same address in Tennessee in late 2025.[9] There

is no allegation in the Complaint that Plaintiff recently relocated from Tennessee to Texas but, if

even that had been alleged, it would be insufficient to establish specific jurisdiction. *Lowe*, 2018

WL 2422999 at *4-6; *Muhammad*, 2023 WL 12253412 at *1–3.

Plaintiff alleges that Nelnet furnished incorrect information about his accounts to Equifax,

Experian and TransUnion, none of whom Plaintiff alleges are based in Texas. With regard to the

---

[7] Ex. A-1 (Dispute Letter) at p. 1.
[8] Ex A-1 (Dispute Letter) at pp. 3-4.
[9] Exhibit A-2 (Correspondence regarding ID theft investigation).

credit reporting, Plaintiff has not (and could not) allege that Nelnet furnished Plaintiff's account data from Texas or investigated his dispute in Texas. Nothing in Plaintiff's Complaint supports an argument that Plaintiff's claims arise out of Nelnet's business activities in Texas. Whether Nelnet services student loans belonging to *other* consumers in Texas is irrelevant because there is no allegation in the Complaint that ***Plaintiff's claims*** arise from Nelnet's business activities in Texas. There is no basis upon which this Court could exercise specific personal jurisdiction over Nelnet in this case.

Because the Court lacks general and specific personal jurisdiction over Nelnet (or any other Defendant) in this case, the exercise of personal jurisdiction would not be consistent with Due Process guaranties, and this case should be dismissed.

## V. Subject to Nelnet's Motion to Dismiss for Lack of Personal Jurisdiction, the Court Should Dismiss the Complaint for Lack of Proper Venue or, in the Alternative, Transfer to Federal Court in Tennessee or Florida.

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3). Once a defendant raises improper venue by motion, "the burden of sustaining venue will be on [the] Plaintiff." *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, No. 1:07-CV-699, 2008 WL 686156, at *5 (E.D. Tex. 2008). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted). When deciding a Rule 12(b)(3) motion, a court may look at evidence in the record beyond simply those facts alleged in the complaint. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

9

B.  The Eastern District of Texas Is Not the Proper Venue

The FCRA provides that "an action to enforce any liability created under this title ... may be brought in any appropriate United States district court." 15 U.S.C. § 1681p. Thus, venue for FCRA actions is established under the general venue rules found in 28 U.S.C. § 1391(b). Section 1391, provides that venue is proper in a judicial district in which (1) any defendant resides; (2) a substantial part of the events giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b)(1)-(3).

Here, venue is improper under Section 1391(b)(1) because Nelnet is not a resident of this district and no other defendant resides in this district. Nelnet is a Nebraska limited liability company whose corporate headquarters is in Lincoln, Nebraska.[10] Equifax is a Georgia limited liability company based in Atlanta, Georgia. Experian is an Ohio corporation based in Costa Mesa, California. And TransUnion is a Delaware limited liability company based in Chicago, Illinois.

Venue is improper under section 1391(b)(2) because none of the events alleged in the Complaint took place in Texas and this case does not involve property in Texas. Instead, the Complaint is about Florida student loans and a Tennessee claimant alleging identity theft who sent disputes to credit reporting agencies in Georgia, California, and Illinois, which were then forwarded to Nebraska.

And venue is improper under section 1391(b)(3) because, as set forth in the argument regarding personal jurisdiction above, the claims asserted in this case do not otherwise create personal jurisdiction over Nelnet.

If, after considering all the evidence, a plaintiff's choice of forum does not fall within one

---

[10] Exhibit A (Declaration) at ¶ 6.

HB: 4928-1095-3653.1

of the § 1391(b) categories, then "venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). The decision to dismiss or transfer lies within the court's discretion. *AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC,* 878 F.Supp.2d 779, 788 (S.D.Tex.2012) (citing *Dubin v. United States,* 380 F.2d 813, 815 (5th Cir.1967)).

Under 28 U.S.C. § 1404(a) a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. In deciding whether to transfer a case to another district, a court will consider several private and public factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Private factors include the following: (1) the plaintiff's choice of forum, (2) the convenience of the parties and witnesses, (3) the cost of attendance of witnesses and other trial expenses, (4) the availability of compulsory process, (5) the relative ease of access to sources of proof, (6) the place of the alleged wrong, and (7) the possibility of delay and prejudice. *Spiegelberg v. Collegiate Licensing Co.*, 402 F.Supp.2d 786, 789 (S.D. Tex. 2005) (*citing In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). Public factors include (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary conflict of law problems. *Id*.

Here, the private factors favor dismissal or, in the alternative, transfer of this matter to either the Eastern District of Tennessee or the Middle District of Florida. Plaintiff filed suit in a forum with no connection whatsoever to his claims, so Plaintiff's preference of forum should be disregarded. However, he is an individual consumer plaintiff claiming identity theft from a known assailant—his ex-wife. Transferring the case to the state where his ex-wife lives would likely make

it more cost effective for Plaintiff to conduct discovery to prove his allegations of identity theft. Alternatively, transferring the case to Plaintiff's home state of Tennessee would be more convenient for his attendance at trial. Plaintiff alleges a recent FCRA violation (in 2025), so the possibility of delay and prejudice due to transfer is minimal. The public factors also weigh in favor of dismissal or, in the alternative, transfer to Florida or Tennessee. Florida courts have an interest in ensuring their citizens are not committing identity theft. Tennessee courts have an interest in protecting their consumers. Either of the named districts can easily interpret the FCRA and there are no conflict of law issues presented by transfer.

In the end, Plaintiff filed suit in a venue with no connection whatsoever to the claims asserted in his case. This lawsuit is improperly venued. Subject to Nelnet's motion to dismiss for lack of personal jurisdiction, the Court should dismiss the Complaint for lack of proper venue or, in the alternative, transfer to either the Eastern District of Tennessee or the Middle District of Florida.

**WHEREFORE, PREMISES CONSIDERED, NELNET SERVICING, LLC** prays that this Court dismiss Plaintiff's Complaint for lack of personal jurisdiction. Subject to its motion to dismiss for lack of personal jurisdiction, Nelnet prays that the Court dismiss Plaintiff's Complaint for improper venue or, in the alternative, transfer the case to either the Eastern District of Tennessee or the Middle District of Florida, and to grant any such further relief in favor of Nelnet that the Court deems just and/or appropriate.

12

DATE: July 1, 2026

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/ Sabrina A. Neff*
Sabrina A. Neff
State Bar No. 24065813
Sabrina.Neff@HuschBlackwell.com
600 Travis St., Suite 2350
Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile

Brandon S. Stein
Brandon.Stein@HuschBlackwell.com
2415 E. Camelback Road, Suite 500
Phoenix, AZ 85016
(480) 824-7890 – Telephone
(480) 824-7905 – Facsimile

**ATTORNEYS FOR DEFENDANT
NELNET SERVICING, LLC**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing NELNET SERVICING, LLC'S MOTION TO DISMISS has been served upon all counsel of record via ECF on July 1, 2026.

*/s/ Sabrina A. Neff*
Sabrina A. Neff

13

HB: 4928-1095-3653.1